UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANA McCARTHY,

                Plaintiff,

-v-

PFIZER, INC.,

                Defendant.

22 Civ. 9455 (KPF)

**ORDER OF DISMISSAL**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Ana McCarthy brings this *pro se* action, for which the filing fees have been paid, alleging that Defendant Pfizer, Inc. is currently in contempt of an order of the Panamanian Supreme Court by refusing to recall its COVID-19 vaccine in Panama. The Court dismisses the Complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald* v. *First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay* v. *INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler* v. *County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544 (2007); *see also Denton* v. *Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: [i] the factual contentions are clearly baseless …; or [ii] the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Moreover, "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Lance* v. *Coffman*, 549 U.S. 437, 439 (2007). Plaintiff, as the party seeking to invoke the Court's jurisdiction, must establish that she has standing, and by extension, that subject matter jurisdiction exists. *United States* v. *Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important

2

of [the jurisdictional] doctrines.'" (quoting *FW/PBS, Inc.* v. *Dallas*, 493 U.S. 215, 230–31 (1990))).

To meet the standing requirement, "a plaintiff must show an injury in fact — [her] pleading and proof that [she] has suffered the "invasion of a legally protected interest" that is "concrete and particularized" and which "affect[s] the plaintiff in a personal and individual way." See *Lujan* v. *Defs. of Wildlife*, 504 U.S. 555, 560, n.1 (1992). Thus, "[s]tanding to sue, in the Constitutional sense, 'is the showing by a plaintiff that [her] particular grievance meets this standard, the 'essence' of which is the presence of 'injury in fact' suffered by the plaintiff as a result of the defendant's actions.'" *Brady* v. *Basic Research, LLC*, 101 F. Supp. 3d 217, 227 (E.D.N.Y. 2015) (quoting *Evans* v. *Hills*, 537 F.2d 571, 591 (2d Cir. 1975)); *see also Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (noting that an injury-in-fact is "[f]irst and foremost" among the elements of Article III standing). In general, an injury-in-fact "must be concrete and particularized, and actual or imminent, not conjectural or hypothetical." *Elliott* v. *City of New York*, No. 06 Civ. 296 (RPP), 2010 WL 4628508, at *8 (S.D.N.Y. Nov. 15, 2010) (citing *Lujan*, 504 U.S. at 560).

**BACKGROUND**

Plaintiff filed her *pro se* Complaint on November 4, 2022 (Dkt. #1), and also filed an order to show cause for a preliminary injunction and temporary restraining order (Dkt. #2). Plaintiff's Complaint alleges, *inter alia*, that Defendant is in contempt of an order of the Panamanian Supreme Court, which order Plaintiff appears to contend requires Defendant to recall its Covid-19

3

vaccine in Panama. (*See* Dkt. #1 at 3). Plaintiff — a citizen of New York — alleges that the Court has diversity jurisdiction over Defendant — also a citizen of New York. (*Id.*). In her Complaint, Plaintiff does not explain what injury she has sustained as a result of her Defendant's alleged conduct. (*See id.* at 4-5). In addition to her conclusory allegations that Defendant is in contempt of the Panamanian Supreme Court, Plaintiff attaches a number of exhibits to the Complaint, including Panamanian executive orders and an apparent opinion and order from the Panamanian Supreme Court. (*See generally id.*). That opinion and order appears to plainly contradict the allegations in Plaintiff's Complaint. (*See id.* at 70 (Panamanian Supreme Court opinion and order not admitting the claim of unconstitutionality against Executive Order No. 99)).

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Plaintiff's Complaint supplies no factual basis for the Court to determine that any violation of any law has occurred — indeed, Plaintiff's pleading and its attached exhibits contradict her legal theory. As such, the Court need not credit Plaintiff's conclusory allegations where such allegations have no factual support.

Even if the Court were to find that Plaintiff's allegations were not frivolous, Plaintiff lacks standing to bring these claims. Whatever personal interest Plaintiff may have in challenging Defendant's alleged actions, she fails

to allege that she has suffered any concrete injury due to Defendant's conduct. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims. *See* Fed. R. Civ. P. 12(h)(3); *Lujan,* 504 U.S. at 560-66.[1]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill* v. *Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge* v. *United*

---

[1] The Court notes that its dismissal of Plaintiff's complaint due to frivolity, and in the alternative for lack of subject matter jurisdiction, is in accord with dismissals of other actions that Plaintiff has filed in the Eastern District of New York.  *See, e.g., McCarthy* v. *Starbucks*, No. 19 Civ. 6684 (E.D.N.Y. May 1, 2020) (dismissing the action without prejudice for lack of subject matter jurisdiction); *McCarthy* v. *Azar*, No. 19 Civ. 6683 (E.D.N.Y. June 16, 2020) (dismissing action as frivolous because defendants are immune from suit); *McCarthy* v. *Republic of Panama*, No. 19 Civ. 3043 (E.D.N.Y. May 30, 2019) (dismissing the action without prejudice for lack of subject matter jurisdiction); *McCarthy* v. *Verizon*, No. 18 Civ. 4497 (E.D.N.Y. Dec. 18, 2018) (dismissing the action for failure to state a claim); *McCarthy* v. *Bank of America*, No. 18 Civ. 4493 (E.D.N.Y. Sept. 27, 2018) (dismissing the action without prejudice for lack of subject matter jurisdiction); *McCarthy* v. *Republic of Panama*, No. 18 Civ. 4494 (E.D.N.Y. Sept. 14, 2018) (dismissing the action without prejudice for lack of subject matter jurisdiction); *McCarthy* v. *Trans Union*, No. 18 Civ. 4495 (E.D.N.Y. Dec. 18, 2018) (dismissing the action for failure to state a claim); *McCarthy* v. *United Airlines*, No. 18 Civ. 4274 (E.D.N.Y. Sept. 6, 2018) (dismissing the action without prejudice for lack of subject matter jurisdiction).

*States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when she seeks review of a nonfrivolous issue).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.  The Clerk of Court is further directed to mail a copy of this Order to Plaintiff at her address of record.

SO ORDERED.

Dated: November 14, 2022
       New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge